**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>ZELALEM BERHE,<br><br>　　　　　Defendant(s). | 2:10-CR-410 JCM (GWF) |

**ORDER**

Presently before the court is movant's Zelalem G. Berhe's motion for leave to proceed in forma pauperis (doc. # 92), petition for writ of habeas corpus (28 U.S.C. § 2255) (doc. # 91), and motion for documents in support of petitioner's case (doc. # 103). The court addresses each motion in turn.

**I.**     **Motion to Proceed In Forma Pauperis**

A court may authorize the commencement of any action without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets and that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). A prisoner seeking to bring a civil action without prepayment of fees or security, must submit a certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing. 28 U.S.C. § 1915(a)(2). The application shall be made on the form provided by the court ("IFP Motion"). LSR 1-1.

On June 13, 2012, movant filed a motion for leave to proceed informa pauperis (doc. # 92). Movant provided an affidavit including a statement of all of his assets and that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Movant also included a certificate from the warden of his confinement facility regarding his inmate account for the 6 months leading up to the filing of his § 2255 motion. 28 U.S.C. § 1915(a)(2). Movant, however, failed to make the application on the form provided by the court as required by local rule LSR 1-1.

The court, having reviewed movant's motion, accompanying affidavit, and certified copy of his inmate account, finds total compliance with § 1915 and substantial compliance with the IFP Motion form. Movant certifies to the court that he receives only $200 per month and at the time of filing he had $174.74 in his inmate account. Finding good cause, the court GRANTS movant's motion to proceed in forma pauperis (doc. # 92).

## II. **28 U.S.C. § 2255 Motion**

On June 13, 2012, movant filed a petition for writ of habeas corpus (28 U.S.C. § 2255). (Doc. # 91). The government filed a response (doc. # 102) and movant filed a reply (doc. # 107).[1]

### *A.* *Background*

On March 19, 2012, movant entered into a written plea agreement in which he pled guilty to one-count criminal information charging Aggravated Identity Theft and Aiding and Abetting under 18 U.S.C. §§ 1028A(a)(1), (c)(4), and 2. (Docs. # 83, 2:4-7). On May 23, 2012, District Court Judge Navarro sentenced movant to 24 months in prison, 1 year supervised release, and restitution in the amount of $591,872.38. (Docs. # 89 and 97).

Subsequently, on July 2, 2012, petitioner timely filed the instant motion to vacate. (Doc. # 103). Movant raises two claims for relief. He alleges that his counsel rendered ineffective assistance by (1) failing, neglecting, or refusing to introduce § 6.45.01 of the North Las Vegas Police

---

[1] Movant's motion to extend time is moot (doc. # 104), the court considers the movant's reply (doc. # 107).

Department policy manual and (2) making no attempt on cross-examination to impeach an officer who testified as to the policy of the police department. (Doc. # 91, 4:9-18).

B.       Discussion

   1. Procedural Default

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

This procedural default may be overcome by showing either (1) cause for failing to raise the issue and prejudice or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). But the "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Further, ineffective assistance of counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. M*assaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* at 509).

Movant entered into a written plea agreement with the government. (Doc. # 83). In exchange for the benefits movant received under the plea agreement, movant agreed to waive "his right to bring any collateral challenge, including any claims under 28 U.S.C. § 2255 . . . ." (doc. # 83, 5:21-22), but movant retained the ability to attack "non-waivable claims of ineffective assistance of counsel" (doc. # 83, 5:23-24). Both claims movant asserts in his § 2255 motion are for ineffective assistance of counsel.

The government argues that movant's claims are procedurally defaulted because he "never raised his underlying challenges to the inventory search on direct appeal, having knowingly and voluntarily bargained away his right to do so in exchange for the concessions extended by the Government." (Doc. # 102, 7:14-16). However, the government's arguement fails for two reasons. First, the government misconstrues movant's claims. Movant's collateral attack is based on an allegation of ineffective assistance of counsel, not his underlying challenges to the inventory search.

(Doc. # 91, 3:19-23). And movant *retained*[2] the right, following the plea agreement, to challenge ineffective assistance of counsel. Thus, movant's claims would be procedurally defaulted because he failed to bring the claims on direct appeal before filing this collateral attack on his sentence. *See Johnson*, 988 F.2d at 945; *see also Bousley*, 523 U.S. at 622.

Second, movant's claims are not procedurally defaulted. The government fails to address an exception to procedural default as stated in *Massaro*, 538 U.S. at 509, the same case the government used to explain the rule of procedural default.[3] The relevant exception stated in *Massaro* is that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* Therefore, although movant failed to raise ineffective assistance of counsel on direct appeal, movant is *not* procedurally defaulted from bringing this claim as a collateral attack to his sentence because ineffective assistance of counsel claims, regardless of the underlying allegations for the ineffective assistance, are *an exception* to the general rule of procedural default.

Thus, the court, finding that these claims have not been procedurally defaulted, turns to the merits.

### 2. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a challenger must show that "counsel's representation fell below an objective

---

[2] Movant did not "bargain away" his right to bring an ineffective assistance of counsel claim.

[3] Although the government states that the rule for procedural default applies when the "defendant fails to raise a *substantive legal argument* on direct appeal" (doc. # 102, 7:19-20) (emphasis added) which, by its language does not include ineffective assistance of counsel claims; the court finds this exception highly relevant to analysis of this issue.

James C. Mahan
U.S. District Judge

standard of reasonableness." *Id.* at 688. When considering this claim, a court must apply a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 787 (2010) (citations omitted).

To show prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The reasonable probability must rest on record evidence, not conjecture or speculation. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008)

Movant contends he was denied effective assistance of counsel because his trial counsel (1) failed, neglected, or refused to introduce § 6.45.01 of the North Las Vegas Police Department policy manual and (2) made no attempt on cross-examination to impeach an officer who testified as to the policy of the police department. (Doc. # 91, 4:9-18). The record before this court, however, strongly refutes movant's allegations that counsel's performance was deficient.

First, movant's counsel at the evidentiary hearing, Patrick McDonald, did not need to introduce the department's inventory search policy. There was sufficient testimony before the court on the department's policy such that McDonald's failure to admit the written policy into evidence did not constitute deficient representation. On direct examination, Officer Blackwell testified that "[o]ur policy requires a full inventory of the vehicle." (Doc. # 55, 16:14-16). And on cross-examination, McDonald asked Officer Blackwell "[w]hat is the policy on closed containers?" to which Officer Blackwell testified, "we can open closed containers to see if there's anything of value in there." (Doc. # 55, 30:10-12).

The policy Officer Blackwell testified to provided the court with sufficient information to determine that Officer Sharp had not substantially complied with the requirements of the policy.

Magistrate Judge Foley stated in his report and recommendation that "Officer Sharp acknowledged that [certain] items should not have been listed on the impound form . . . . This discrepancy, standing alone, does not invalidate the inventory search." (Doc. # 49, 16:4-7).

Further, it was clear from the record that the department's policy comported with the general purpose of inventory searches. On direct examination, Officer Blackwell testified that "we want to make sure there's no weapons in [computer bags] . . . Mr. Berhe . . . [has] a criminal history, so we want to make sure, number one, that there's no weapons inside this bag." (Doc. # 55, 17:4-11). And Magistrate Judge Foley found that the policy "appears to be consistent with general public safety or community caretaking considerations relevant to such matters." (Doc. # 49, 16:3-4). There is no showing that failure to introduce the department's policy into evidence fell outside the "'wide range' of reasonable professional assistance," *Harrington*, 131 S. Ct. at 787, given the sufficient testimony Officer Blackwell provided on the issue at the hearing.

Moreover, McDonald's failure to impeach Officer Blackwell also does not constitute deficient performance because Officer Blackwell's testimony is not in contravention with either the department's policy[4] or the case movant cited to in his motion.[5] (Doc. # 91, 4:19-22). The department's policy, in fact, bolsters Officer Blackwell's testimony about opening closed bags found in the car. (Doc. # 55, 17:4-11). And to the extent that Officer Sharp did not comply with the department's policy, Magistrate Judge Foley was aware of this and stated that, "[t]here is no basis

---

[4] Although the government states that the rule for procedural default applies when the "defendant fails to raise a *substantive legal argument* on direct appeal" (doc. # 102, 7:19-20) (emphasis added) which, by its language does not include ineffective assistance of counsel claims; the court finds this exception highly relevant to analysis of this issue.
[5] *Weintraub v. State*, 871 P.2d 339, 340 (Nev. 1994) held that an "inventory search must be carried out pursuant to standardized official department procedures and must be administered in good faith in order to pass constitutional muster."

on the record to find that the inventory search was simply a pretext to search the venicle for evidence of criminal activity." (Doc. # 49, 15:22-23).

Thus, an attempt to impeach Officer Blackwell's testimony based on the holding of *Weintraub* would have been fruitless. The case requires adherence to the deparment's policy, which the court was already aware of and excused. (Doc. # 49, 16:6-7). And the case requires that the inventory search be made in good faith, which the court found no pretextual motive. (Doc. # 49, 15:22-23).

Thus, this court finds that McDonald did not provide deficient representation for failure to introduce § 6.45.01 of the department's policy manual or for failure to impeach Officer Blackwell on cross-exaimination. Because movant has failed to show deficient performance, the court need not address prejudice.

### III. <u>Motion for Documents in Support of Petitioner's Case</u>

Movant filed a motion for documents in support of his case. (Doc. # 103). The court construes this as a request for discovery, appointment of an attorney to assist with discovery, and a stay of the proceedings pending discovery, if granted.

District courts, for good cause, may authorize parties to a § 2255 habeas proceeding to conduct discovery. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, RULE 6(a) (2012); *see also United States v. Finkel*, 165 Fed.Appx 531, 532 (9th Cir. 2006). Good cause under Rule 6(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . ." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v.*

*Nelson*, 394 U.S. 286, 300 (1969)). Thus, requests for discovery pursuant to Rule 6 must be supported by specific reasons, and the party making the request "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, RULE 6(a) (2012). Finally, "[i]f necessary for effective discovery," the court must appoint an attorney for moving parties who qualify under 18 U.S.C. § 3006A. *Id.*

The motion requests a copy of the transcript from the radio communication between Officer Blackwell, Officer Sharp, and dispatch on the February 7, 2010, traffic stop, and a "blank" copy of the appropriate vehicle personal property inventory form. This information is presumptively directed at uncovering evidence that his trial counsel should have introduced at the suppression hearing. Movant does not, however, provide the court with any of the "essential elements" of any of the claims he would hope to raise. *See Bracy*, 530 U.S. at 904 (citation omitted).

Further, the claims that movant seeks to investigate are not meritorious. To vacate his conviction under ineffective assistance of counsel, movant would have to demonstrate that his counsel's performance fell below an objective standard of reasonableness and a "reasonable probability" that the performance prejudiced his defense. *Strickland*, 466 U.S. at 687-94. As analyzed, McDonald's representation did not fall below an objective standard of reasonableness, thus movant has shown neither that he is entitled to relief under § 2255 nor discovery related to these claims under Rule 6(a).

. . .

. . .

. . .

## IV. Certificate of Appealability

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, if a court denies movant's § 2255 motion, the court may only issue a certificate of appealability when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that movant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further.

Accordingly, the court declines to issue a certificate of appealability.

## V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that movant Zelalem G. Berhe's motion for leave to proceed in forma pauperis (doc. # 92) be, and the same hereby is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that movant's petition for writ of habeas corpus (28 U.S.C. § 2255) (doc. # 91) and motion for documents in support of petitioner's case (doc. # 103) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that movant's motion to extend time (doc. # 104) is moot.

DATED August 27, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 12 -